UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JINANE ENGLISH,

        Plaintiff,                CASE NUMBER: 11-10047

                                    HONORABLE VICTORIA A. ROBERTS

v.

SHAUN DONOVAN, SECRETARY,
UNITED STATES DEPARTMENT OF
HOUSING AND URBAN DEVELOPMENT,

        Defendant.
_____/

## ORDER

### I. INTRODUCTION

Plaintiff Jinane English brings this Title VII employment discrimination action against Defendant Shaun Donovan as Secretary, U.S. Department of Housing and Urban Development. Plaintiff alleges national origin discrimination, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964. Pending is Defendant's motion to dismiss for failure to state a claim upon which relief can be granted.

The Court **DENIES** the motion.

### II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." The factual allegations must raise a right to relief above the speculative level so that the complaint

1

is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). In determining whether a complaint meets the plausibility standard, a court is allowed to draw reasonable inferences based on the facts pled. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009).

In the employment discrimination context, the Supreme Court stated that the complaint need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth" in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002).  The prima facie case under *McDonnell Douglas* is an evidentiary standard, not a pleading requirement, that relates to the employee's burden of presenting evidence that raises an inference of discrimination.  *Id.* at 510.  Recognizing this distinction, the Supreme Court "has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."  *Id.* at 511.

**III. ANALYSIS**

Applying the relevant standard, Plaintiff's Complaint satisfies the requirements of Rule 8(a); it gives Defendant fair notice of the basis of Plaintiff's claims and the factual allegations state a plausible right to relief.  Plaintiff alleges she was mocked because of her foreign accent and gestures; that her supervisior disciplined her in a Letter of Admonishment; that she could be subject to enhanced discipline in the future; and, that she lost benefits.  Plaintiff meets the low threshold for surviving a motion to dismiss.

Defendant's arguments to the contrary are premature at this stage.

In its Motion to Dismiss, Defendant conflates the elements of a prima facie case with the pleading requirements of the Federal Rules of Civil Procedure. As the Supreme Court explained in *Swierkiewicz, supra*, a complaint need not set forth specific facts establishing a prima facie case of discrimination under the framework set forth in *McDonnell Douglas.* To require otherwise would create a "heightened pleading standard" under which a plaintiff without direct evidence of discrimination would need to plead a prima facie case even though she might uncover direct evidence during discovery. *Swierkiewicz*, 534 U.S. at 511-12. Though the prima facie elements of retaliation are distinct from those of Plaintiff's discrimination claims, the above analysis applies with equal force to that claim.

The Court declines Defendant's invitation to consider Plaintiff's claim for lost benefits regarding her request for time off under a summary judgment standard. The Court believes this matter will be best decided after the parties supplement the record through discovery.

**V.    CONCLUSION**

Defendant's motion is **DENIED**. Defendant must answer Plaintiff's Complaint on or before October 4, 2011.

**IT IS ORDERED.**

                                                 /s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated:  September 13, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 13, 2011.

s/Linda Vertriest
Deputy Clerk